## LINUS JACOX v. NELSON W. CLARK.

When complainant had stood by, without objecting, and allowed defendant to go on and expend a considerable amount of money in the erection of a mill, in violation of the terms of a grant made by complainant, in consideration of the erection of the mill, of the right to use the water of a creek in a particular manner, it was *held*, that, by his silence, he had waived all right to relief in equity, by injunction, against diverting the water.

THIS was a motion to dissolve an injunction, on bill and answer.

Complainant had granted to defendant the right of using the water in a creek, which was the outlet of a small lake, for a mill to be erected by him, which was the sole consideration of the grant. He erected the mill, but at a point different from that indicated by the grant, and took the water directly from the lake, instead of the creek, and, after using it, turned it into the Clinton river, instead of the bed of the creek, which connected the lake with the river, in violation of the terms of the grant. The bill prayed a reconveyance of the right granted, and an injunction against diverting the water.

*G. W. Wisner*, in support of the motion.

*M. L. Drake*, contra.

THE CHANCELLOR. It would seem from the deed from Jacox to Clark, so far as it is set forth in the bill, that the water was to be used, in such way, by Clark, as to be turned back, after it had been used, into the stream on Jacox's land.

If this should prove to be the true construction of the grant, it appears Clark gave a different construction to it, and that Jacox acquiesced in such construction, or, at

least, did not object to it, until Clark had erected his mill, dug the race, and built the dam, at an expense of some two thousand dollars. Jacox should have objected before. He should not have permitted Clark, without so much as informing him of his error, or objecting to the course he was taking, to go on, and expend so much money, contrary to the agreement between them, if he intended to seek redress in this Court, by injunction, to prevent a diversion of the water, instead of bringing an action at law, for damages. His silence must, under the circumstances, be construed into a waiver of his right to such relief in equity. He was frequently present, while the work was going on, and never made any objection to it. Defendant did not know he was dissatisfied, until the service of the subpœna.

Injunction dissolved.